**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

DALE BELL, *on behalf*
*of himself and all others similarly situated,*

    Plaintiff,

v.

POLLACK & ROSEN, P.A.,
*a Florida Corporation, and*
JOSEPH F. ROSEN, *individually,*

    Defendants.
_____/

## CLASS ACTION COMPLAINT

1.    Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3.    Venue in this District is proper because Plaintiff resides here, and Defendants conduct business in this District.

## PARTIES

4.    Plaintiff, Dale Bell ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

5.    Defendant, Pollack & Rosen, P.A. ("Defendant Law Firm"), is a Florida Corporation and law firm engaged in the business of collecting consumer debts, which operates from offices located at 806 South Douglas Road, Coral Gables, Florida 33134.

6. Defendant Joseph Rosen ("Defendant Rosen"), is an attorney and is engaged in the business of collecting consumer debts, who operates from offices located at 806 South Douglas Road, Coral Gables, Florida 33134.

7. Defendant Law Firm and Defendant Rosen are herein collectively referred to as "Defendants."

8. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debts.

9. Defendants regularly collect or attempt to collect consumer debts for other parties. Defendants are "debt collectors" as defined by the *FDCPA*.

10. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendants sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a credit card. The debt was incurred primarily for personal, household or family purposes.

12. On or about June 22, 2017, Defendants mailed or caused to be mailed to Plaintiff a letter seeking payment of an alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

13. The Demand Letter states in part:

> Original Creditor: CAPITAL ONE BANK (USA) N.A.
> Original Creditor Acct No: ****-****-****-4172
>
> xxxx
>
> Please contact our office upon receipt of this communication so that
> we can make the necessary arrangements regarding the payment of
> this obligation.

>Unless you dispute the validity of this debt or any portion thereof, within thirty (30) days from receipt of this notice, this debt will be assumed to be valid by this office.
>
>If you notify us in writing within thirty (30) days from receipt of this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you. A copy of such verification or judgment will be mailed to you by us.
>
>Upon your written request within thirty (30) days from receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

14. The Demand Letter was Defendants' initial communication with Plaintiff with respect to the debt alleged therein.

15. *15 U.S.C. §1692g(a)* states:

   >Validation of debts
   >
   >(a) Notice of debt; contents
   >
   >Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
   >
   >>(1) the amount of the debt;
   >>
   >>**(2) the name of the creditor to whom the debt is owed;**
   >>
   >>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
   >>
   >>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
> (Emphasis added).

16. The Demand Letter states "Original Creditor: CAPITAL ONE BANK (USA) N.A." giving the impression that Plaintiff's account has been transferred from the "original" creditor to a new subsequent creditor, however the letter does not identify a "current" creditor.

17. Defendants falsely and misleadingly failed to identify the current creditor of the debt.

18. Defendants' statement "Please contact our office **upon receipt of this communication** so that we can make the necessary arrangements regarding the payment of this obligation" overshadows Plaintiff's verification rights as provided by *15 U.S.C. §1692g*. (Emphasis added).

19. The Demand Letter was signed by Defendant Rosen.

20. Defendant Rosen is the partner of "one of Florida's largest collections firms[.]"[1] On information and belief, Defendant Rosen did not have meaningful or significant involvement in the collection of Plaintiff's alleged debt.

21. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

22. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the Florida Counties that comprise the geographical boundaries of the United States District Court for the Southern District of Florida, namely Miami-Dade, Monroe, Broward, Palm Beach, Martin, Saint Lucie, Indian River, Okeechobee, and Highlands Counties (ii) to whom initial communication letters were mailed, or caused to be mailed, (iii) that stated "Original Creditor: CAPITAL ONE BANK (USA) N.A." and contained the statement "Please contact our office upon receipt of this communication so that we can make the necessary arrangements regarding the payment of this obligation." (iv) by the Defendants (v) in connection with the collection of a debt incurred for personal, family, or household purposes (vi) that were not returned undeliverable by the U.S. Post Office (vii) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

23. Plaintiff alleges on information and belief that Defendants' practice of sending initial communication letters that did not identify the current creditor of the underlying debt in the initial communication letter served upon the Class is so numerous that joinder of all members of the Class is impractical.

---

[1] See https://www.pollackrosen.com/ last accessed June 8, 2018.

24. Plaintiff alleges on information and belief that Defendants' practice of sending initial communication letters that stated, "Please contact our office upon receipt of this communication so that we can make the necessary arrangements regarding the payment of this obligation." in the initial communication letter served upon the Class is so numerous that joinder of all members of the Class is impractical.

25. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and factual issue to each Class member is that each was served with an initial communication letter by Defendants that did not identify the current creditor of the debt and contained the statement "Please contact our office upon receipt of this communication so that we can make the necessary arrangements regarding the payment of this obligation."

26. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

27. Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

28. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Plaintiff requests certification of a Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* for monetary damages; his appointment as Class Representative; and that his attorney, Leo W. Desmond, be appointed Class Counsel.

### COUNT I CLASS CLAIM
### VIOLATION OF *15 U.S.C. §1692g(a)*

30. Plaintiff re-alleges Paragraphs 1 through 21.

31. After an initial communication with Plaintiff and the Class, pursuant to *15 U.S.C §1692g(a)*, the Defendants must provide the Plaintiff and the Class with:

> Validation of debts
>
> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

32. Defendants sent the Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely to collect a past due balance on a credit card debt.

33. Pursuant to the *FDCPA,* the Demand Letter is an initial communication between Defendants and Plaintiff.

34. The Demand Letter only indicates that the "original creditor" is Capital One Bank (USA) N.A.

35. Defendants' use of the term "original" would lead Plaintiff and the Class to believe that the debt has been transferred and Capital One Bank (USA) N.A. is not the current creditor of the debt.

36. Defendants' Demand Letter does not identify the current creditor of the debt in violation of *15 U.S.C. §1692g(a)(2).*

37. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

38. As a result of Defendants' conduct Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

## COUNT II CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692g(b)*

39. Plaintiff re-alleges Paragraphs 1 through 21 and Paragraphs 31 through 36.

40. *15 U.S.C.§1692g(b)* states:

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion

> thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(Emphasis added).

41. Pursuant to the *FDCPA*, the Demand Letter was an initial communication between Defendants and Plaintiff.

42. Defendants' statement "Please contact our office **upon receipt of this communication** so that we can make the necessary arrangements regarding the payment of this obligation." overshadows Plaintiff's verification right as provided by *15 U.S.C. §1692g*. (Emphasis added).

43. Defendants' statement instructing Plaintiff to contact the office "upon receipt" to make arrangements for payment creates a sense of urgency that overshadows the notice requirement of *15 U.S.C. §1692g(a)* by encouraging the Plaintiff and members of the Class to disregard the required debt validation notice prescribed by *15 U.S.C. §1692(g)* and call Defendant Law Firm immediately upon receiving the Demand Letter to arrange for payment.

44. The verification rights provided by *15 U.S.C. §1692g* must be effectively conveyed to the consumer.

45. Defendants' demand that immediate arrangements be made for payment of the debt by use of the phrase in Defendants' Demand Letter "Please contact our office upon receipt so that we can make the necessary arrangements regarding the payment of this obligation." overshadows and contradicts Plaintiff's verification rights as provided by *15 U.S.C. §1692g(a)*.

46. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

47. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT III CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692e*

48. Plaintiff re-alleges Paragraphs 1 through 21, Paragraphs 31 through 36, and Paragraphs 39 through 45.

49. Pursuant to *15 U.S.C. §1692g(a)(2)* the Defendants must provide the Plaintiff and the Class with:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> xxxx
>
> (2) the name of the creditor to whom the debt is owed;

50. *15 U.S.C. §§1692e(3)* and *(10)* state:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51. Defendants sent a Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely to collect the balance owed on a credit card debt.

52. The Demand Letter was an initial communication used in the collection of a debt between Defendants and Plaintiff.

53. Defendants' Demand Letter is misleading and false and therefore in violation of *15 U.S.C. §1692e(10)* as it does not identify the creditor of the debt.

54. The Demand Letter only indicates that the "original creditor" is Capital One Bank (USA) N.A.

55. Defendants' use of the term "original" leads Plaintiff and the Class to believe that the debt has been transferred and Capital One Bank (USA) N.A. is not the current creditor of the debt.

56. Defendants' statement in its Demand Letter "Please contact our office upon receipt so that we can make the necessary arrangements regarding the payment of this obligation." is misleading as it overshadows and contradicts Plaintiff's verification rights as provided by *15 U.S.C. §1692g(a)*.

57. Defendants' Demand Letter is signed by Defendant Rosen which misleadingly leaves the Plaintiff and Class to believe that Defendant Rosen has meaningful involvement in the collection of the debt and therefore is in violation of *15 U.S.C. §1692e(3). See Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) (Misrepresenting that a communication is from a lawyer when the lawyer had no significant involvement in the collection of the debt is a violation of *15 U.S.C. §1692e(3)*.).

58. Defendants' Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

59. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

60. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit;

e. Any and all prejudgment interest rendered by law; and

f. Such other and further relief as the Court deems proper.


Dated: June 12, 2018.

Respectfully submitted,

By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar Number 0041920
Sovathary K. Jacobson, Esq.
Florida Bar Number 0102200
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com
jacobson@desmondlawfirm.com
*Attorneys for Plaintiff*